JANET M. HEROLD
Regional Solicitor
SUSAN SELETSKY
Counsel for FLSA
NANCY E. STEFFAN
Trial Attorney
Office of the Solicitor
UNITED STATES DEPARTMENT OF LABOR
350 S. Figueroa St., Ste. 370
Los Angeles, California  90071
Tel:  (213) 894-5366
Fax:  (213) 894-2064
Email:  Steffan.Nancy.E@dol.gov

Attorneys for Thomas E. Perez, Secretary,
United States Department of Labor

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS E. PEREZ, Secretary of Labor, UNITED STATES DEPARTMENT OF LABOR,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>SOMASOFT SOLUTIONS, INC., a California corporation; SREENIVASA MUNUKUTLA, an individual; DAVID MARTINEZ, an individual,<br><br>　　　　　Defendants. | Case No.:  3:16-cv-4133<br><br>**COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT** |

　　　　Plaintiff, THOMAS E. PEREZ, Secretary of Labor, U.S. Department of Labor, brings this action under Section 17, 29 U.S.C. § 217, of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 – 219 ("FLSA" or "the Act"), to enjoin Defendants Somasoft Solutions, Inc. ("Somasoft"), Sreenivasa Munukutla, and David Martinez from misclassifying their employees as independent contractors, failing to pay these employees overtime compensation, retaliating against employees who complained they were not paid for overtime hours worked, and failing to keep accurate records

of employees' hours worked and wages paid in violation of the provisions of Sections 6, 7, 11(a), 11(c), 15(a)(2), 15(a)(3), and 15(a)(5) of the Act, 29 U.S.C. §§ 206, 207, 211(a), 211(c), 215(a)(2), 215(a)(3), and 215(a)(5).

Plaintiff also brings this action under Section 16(c) of the FLSA, 29 U.S.C. § 216(c), for a judgment against Defendants for unpaid overtime compensation due to Defendants' employees listed in the attached Exhibit A and an additional equal amount as liquidated damages.

## PARTIES

1. Plaintiff Thomas E. Perez is the Secretary of Labor for the United States Department of Labor.

2. At all relevant times, Defendant Somasoft Solutions, Inc. is and has been engaged in the business of providing recruitment and other consulting services to organizations that use Oracle applications. At all relevant times, Somasoft Solutions was incorporated in California, with its principal place of business located at 44790 S. Grimmer Boulevard, Suite 201, Fremont, California 94538.

3. On information and belief, at all relevant times, Defendant Sreenivasa Munukutla resided in Saratoga, California, was and is an owner of Defendant Somasoft, and acted directly or indirectly in Defendant Somasoft's interest in relation to its employees, including by hiring and firing employees, exercising day-to-day authority and control over the terms and conditions of employment, and exercising control over Defendant Somasoft's business.

4. On information and belief, at all relevant times, Defendant David Martinez resided in Livermore, California, was and is the Director of Sales for Defendant Somasoft, and acted directly or indirectly in Defendant Somasoft's interest in relation to its employees, including by hiring and firing employees, exercising day-to-day authority and control over the terms and conditions of employment, and exercising control over Defendant Somasoft's business.

## JURISDICTION

5. This Court has jurisdiction over this action under Sections 16 and 17 of the FLSA, 29 U.S.C. §§ 216 and 217; by 28 U.S.C. § 1331 (federal question); and by 28 U.S.C. § 1345 (United States as plaintiff).

//

**INTRADISTRICT ASSIGNMENT**

6. This case should be assigned to the San Francisco or Oakland Division of the Northern District of California under Civil Local Rule 3-2 because a substantial part of the events or omissions which gave rise to the claims occurred in Alameda County.

**VENUE**

7. Venue lies in the United States District Court for the Northern District of California under 28 U.S.C. § 1391(b) because Somasoft Solutions' headquarters is located in Fremont, California, within this judicial district, and a substantial part of the acts or omissions giving rise to the claims in this action occurred in this district.

**DEFENDANTS ARE COVERED EMPLOYERS UNDER THE FLSA**

8. At all relevant times, Defendant Somasoft Solutions was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1)(A) of the FLSA because (a) Defendant Somasoft had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and (b) Somasoft had an annual gross volume of sales made or business done of not less than $500,000.

9. At all relevant times, Defendant Somasoft was and is an employer within the meaning of FLSA § 3(d), 29 U.S.C. § 203(d), in relation to the employees listed on Exhibit A to this Complaint and other employees who worked for Defendant Somasoft during the relevant period but who are unknown to the Secretary at this time.

10. At all relevant times, Defendant Munukutla was and is an employer within the meaning of FLSA § 3(d), 29 U.S.C. § 203(d), in relation to the employees listed on Exhibit A to this Complaint and other employees who worked for Defendant Somasoft during the relevant period but who are unknown to the Secretary at this time.

11. At all relevant times, Defendant Martinez was and is an employer within the meaning of FLSA § 3(d), 29 U.S.C. § 203(d), in relation to the employees listed on Exhibit A to this Complaint and other employees who worked for Defendant Somasoft during the relevant period but who are unknown to the Secretary at this time.

## DEFENDANTS MISCLASSIFIED THEIR EMPLOYEES AS INDEPENDENT CONTRACTORS

12. The individuals who perform sales and recruitment work for Defendants are integral and indispensable to Defendant Somasoft's business. The individuals worked from Somasoft's office in Fremont, California. Their jobs consisted of recruiting candidates for placement at Somasoft's client firms and soliciting new business for Somasoft.

13. As a matter of economic reality, the individuals who work for Defendants are economically dependent on Defendants. The individuals worked over 40 hours per week at Defendant's offices performing recruitment and sales work for Somasoft. None of them was operating his or her own business.

14. Defendants direct and exercise control over the activities of their sales and recruiting staff. The staff had no control over their hours of work. Even their break and lunch times were scheduled by Defendants. Although they are required to use their own personal cell phones and laptop computers for work, no one was permitted to work from any location other than Somasoft's office. Workers were required to attend daily meetings with Defendants to discuss their performance.

15. Defendants unilaterally determine the pay rates for their sales and recruitment workers.

16. Defendants' investment in their business is much greater than their workers' investment in their work for Defendants. The sales and recruitment workers worked exclusively from Somasoft's offices. They did not make any investment in the business.

17. Defendants' workers are not required to possess, demonstrate, or obtain specialized skills to work for Defendants. Defendants trained the workers to perform recruitment and sales work specifically for Somasoft. Workers had little experience in the industry at the time they were hired by Defendants.

18. Despite the facts described in paragraphs (12) through (17) above, Defendants maintain that their sales and recruitment workers are not their employees and are not entitled to the protections of the FLSA. When employees complained that they were not being paid for overtime hours worked, Defendants Munukutla and Martinez told them that they were not employees and did not have rights under the wage and hour laws.

## FIRST CAUSE OF ACTION

### (Failure to Pay Overtime in Violation of the FLSA)

19. Defendants have willfully and repeatedly violated, and continue to violate, Sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by failing to pay their employees at rates not less than one and one-half times the employees' regular rate of pay in workweeks when the employees worked more than forty hours. Defendants paid their employees a flat rate for a 40-hour work week and employees were regularly required to work more than 40 hours in a week without any additional compensation. In March of 2015, Defendants imposed a new schedule requiring employees to work additional hours per week, but employees were not provided any additional compensation for these additional hours worked.

## SECOND CAUSE OF ACTION

### (Retaliation Against Employees)

20. Defendants willfully and repeatedly violated the provisions of Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3), by misclassifying employees as independent contractors, misrepresenting to their employees that they did not have the right to pay for extra hours worked, and terminating employees who complained that they were not being compensated for overtime.

21. In or about March of 2015, Defendants imposed a new work schedule that required employees to work additional overtime hours without any additional compensation. During a meeting at which Defendants announced the new schedule, at least two employees, Daniel Cruz Romo and Princess Banks, spoke out against Defendants' failure to pay overtime compensation for the additional hours of work. Following the meeting, both Mr. Romo and Ms. Banks were terminated because of their complaints about Defendants' failure to provide proper compensation, in violation of Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3).

22. In or about February of 2015, Defendants' employee Hope Benjamin complained that Defendants required employees to work more than 40 hours in a week without any overtime compensation. Ms. Benjamin was subsequently terminated because of her complaints, in violation of Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3).

23. On information and belief, Defendants' retaliation against employees who asserted their right to proper compensation under the FLSA has chilled the exercise of protected rights by Defendants' employees by sending the message that any employee who questions Defendants' unlawful pay practices will be terminated.

24. Defendants further sought to prevent their employees from complaining about Defendants' wage violations or otherwise asserting their rights under the FLSA by willfully misclassifying them as independent contractors and misrepresenting to them that they did not have rights as employees, in violation of Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3).

### THIRD CAUSE OF ACTION

### (Failure to Maintain Records)

25. Defendants have willfully violated, and continue to violate, Sections 11 and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211 and 215(a)(5), by failing to maintain, keep, make available, and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained, as required under 29 C.F.R. Part 516. Defendants failed to make, keep, or preserve any records of employees' hours worked, schedules, or dates of hire and separation.  Defendants failed to post any notice explaining employees' rights under the FLSA, as required by 29 C.F.R. § 516.4.

### RELIEF REQUESTED

WHEREFORE, cause having been shown, the Secretary prays for a judgment against Defendants as follows:

A. For an Order under Section 17 of the FLSA, 29 U.S.C. § 217, permanently enjoining and restraining Defendants Somasoft, Munukutla, and Martinez and all those in active concert or participation with them from prospectively violating the provisions of Section 15 of the Act, 29 U.S.C. § 215;

B. For an Order under Section 16 of the FLSA, 29 U.S.C. § 216, finding Defendants liable for wages lost as a result of Defendants' violations of Section 15(a)(3) of the Act, 29 U.S.C. § 215(a)(3), plus an additional equal amount in liquidated damages; other compensatory damages; punitive damages; and any other legal or equitable relief deemed necessary or appropriate to remedy Defendants' unlawful retaliation.

C.   For an Order under Section 16(c) of the FLSA, 29 U.S.C. § 216(c), finding Defendants liable for unpaid overtime compensation due to their employees and for liquidated damages equal in amount to the unpaid compensation found due Defendants' employees listed in the attached Exhibit A for the relevant statutory period (additional back wages and liquidated damages may be owed to certain employees presently unknown to the Secretary for the period covered by this Complaint);

D.   In the event the Court does not award liquidated damages, for an Order restraining Defendants under Section 17 of the FLSA, 29 U.S.C. § 217, from continuing to withhold the payment of any unpaid wages and other compensation that may be found by this Court to be due to Defendants' current and former employees, including the persons listed on the attached Exhibit A, plus pre-judgment interest computed on the unpaid wages due;

E.   For an Order providing such further legal and equitable relief as may be deemed appropriate, including equitable tolling of the applicable three-year statute of limitations to redress interference with, or delayed detection, of the violations of the Act by the Secretary due to Defendants' misclassification of their employees as independent contractors, misleading employees regarding their rights, retaliation against employees for asserting their rights, failure to maintain complete, accurate or full records as required by 29 U.S.C. §§ 211(c) and 215(a)(5) of the Act, and other practices identified in this Complaint.

F.   For an Order awarding the Secretary the costs of this action; and

G.   For an Order granting other and further relief as may be necessary or appropriate.

//
//
//
//
//
//
//
//
//

Dated: July 22, 2016              Respectfully submitted,

M. PATRICIA SMITH
Solicitor of Labor

JANET M. HEROLD
Regional Solicitor

SUSAN SELETSKY
Counsel for FLSA


By:     /s/ Nancy E. Steffan
        NANCY E. STEFFAN (Cal. Bar # 280958)
        Trial Attorney

Attorneys for the Secretary of Labor,
United States Department of Labor

# EXHIBIT A

1. Adinolfi, Andrew
2. Amirapu, Vidya
3. Antonel, Angela
4. Antonel, John
5. Banks, Princess
6. Benjamin, Hope
7. Grider, Shayon
8. Hawkins, Angelica
9. Inamber, Sangeetha
10. Manjunath, Megha
11. Manuel, Adrienne
12. Mizuno, Lauren
13. Popovici, Emanuel
14. Ramos, Rodrigo F.
15. Romo, Daniel Cruz
16. Sagar, Vidya
17. Sanchez, Margaret
18. Seward, Teresa
19. Unknown, Aparna
20. Unknown, Marisol
21. Unknown, Marlin
22. Unknown, Martino
23. Unknown, Michelle
24. Unknown, Venkat
25. Victor, Ryan
26. Wheaton, Roy